UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIDTFELDT, ) | CASE NO. 15CV143 |
| Plaintiff, ) | CIVIL ACTION AND |
| v. ) | COMPLAINT FOR INJUNCTIVE |
| UNITED STATES, ) | RELIEF UNDER FREEDOM OF |
| INTERNAL REVENUE SERVICE, ) | INFORMATION ACT -- ESTATE |
| ARTHUR WELP, IRS APPEALS AGENT, ) | AND GIFT SETTLEMENT IN FULL |
| SUCCESSOR IRS AGENT TO ARTHUR WELP, ) | THROUGH AGENT ARTHUR |
| UNITED STATES TREASURY, ) | WELP IN 2002, LATER HIDDEN |
| Defendants. ) | BY IRS |

Comes now James Widtfeldt, and for his complaint, alleges:

1. INJUNCTIVE RELIEF: This is an action under the Freedom of Information Act (hereinafter FOIA), 5 USC §552 et seq for injunctive and other appropriate relief, and release of agency records requested by plaintiff from the Internal Revenue Service, the US Treasury, and their various agents.
2. JURISDICTION AND VENUE: This Court has both subject matter jurisdiction over this action, and personal jurisdiction over the parties pursuant to 5 USC§552(a)(4)(B) and other statutes. Venue lies in this district under 5 USC §552 (a) (4) (B), and other statutes.

PARTIES

3. PARTY PLAINTIFF: Plaintiff James Widtfeldt is a resident of the State of Nebraska, and is within the jurisdiction of this Court.
4. DEFENDANT UNITED STATES: The United States maintains several tax courts through the US Tax Court, one of which, presided over by Judge Diane Kroupa, appeared in Omaha on April 26, 2011, and entered orders denying various Widtfeldt motions without allowing the plaintiff Widtfeldt to file or anyone to file the motions and the said US Tax Court refused to receive the Widtfeldt motions, or anything else in evidence, resulting in a need to supplement the record, which Judge Diane Kroupa, and now the US Court of Appeals in the 8th Circuit, have all refused to do, but the

Widtfeldt motions that were denied greatly and unfairly conceal a previous settlement, and alter, by their denial, the meaning of the Kroupa orders, and those motions must be revealed to the defendants herein, and the United States and the various IRS agents must be compelled to reveal various documents and activities of its various agents and those of its sub agents.

5. DEFENDANT UNITED STATES: The United States is wrongfully suing James Widtfeldt for inheritance, federal estate, death, gift and other tax, although James Widtfeldt through appeals agent Arthur Welp of the IRS fully settled and overpaid in 1998-2002 for the death of both Albert Widtfeldt, and that prepaid for Gusteva Widtfeldt, for the reason that Gusteva Widtfeldt due to advanced osteoporosis, faced seemingly imminent death preventing any further earning capacity, fell on or about October 26, 1998, suffered by reason of osteoporosis and possible Lyme disease, two or more broken leg bones, and the surgery thereafter by Dr. Albers was rated as 50 percent survival risk, and for other and continuing osteoporosis risks, Gusteva's life expectancy was short enough that the IRS was willing in 1998 to compute the entire death tax for both Albert Widtfeldt and Gusteva Widtfeldt, though Gusteva actually lived to February 8, 2006, and Gusteva consumed in full any remainder of both her and Albert Widtfeldt estates, so that in fact, no death tax was ever owed for either Albert or Gusteva Widtfeldt. In fact, the estate of both Albert and Gusteva Widtfeldt was fully expended as determined by Appeals Agent Welp of the IRS, probably by 2002, but in any event as soon as 2004, with the result that no estate whatever remained to be taxed and that James Widtfeldt was entitled to a full refund, excepting only waiver of sovereignty by the US, Treasury, and IRS, which subsequently occurred in 2010 when the IRS through various agents including James Donelson and others sought do and did re-open the estates of Albert and Gusteva Widtfeldt. Arthur Welp, appeals IRS agent, determined that James Widtfeldt was purchasing all assets of Albert and Gusteva Widtfeldt since 1978, and returned to Nebraska to help the family business in 1978 as a result of extremely poor health of Albert and Gusteva Widtfeldt preventing their operation in most particulars, of any business, so that James Widtfeldt provided adequate consideration and actually purchased in full, all assets which were used as collateral in a series of loans from 1978 through 2004 with Albert and Gusteva Widtfeldt as lenders and James Widtfeldt as borrower.

6. DEFENDANT ARTHUR WELP, APPEALS AGENT OF THE IRS, AND HIS SUCCESSOR: Arthur Welp agreed in 2002 to leave a paper trail of his conclusions and decisions in 2002 concluding that James Widtfeldt was in fact purchasing with loans from Albert and Gusteva Widtfeldt, in a series of transactions initiated by James Widtfeldt beginning about 1978 upon the graduation of James Widtfeldt from College. The IRS has concealed those Arthur Welp papers to wrongly attempt to collect other and further taxes, and to cheat James Widtfeldt, and has failed, refused and neglected to appoint any further IRS agent as successor to Welp, to further conceal the determination by Appeals Agent Welp that the taxes were all paid in full.

7. DEFENDANT INTERNAL REVENUE SERVICE: The defendant Internal Revenue Service, also known as US Treasury, hereinafter IRS, is wrongly attempting to conceal the Arthur Welp Appeals Agent settlement in 2002 whereby James Widtfeldt was determined by Arthur Welp and all the hierarchy of the IRS, to be purchasing in full all assets appearing to be owned by Albert or Gusteva Widtfeldt, with the deeds involved were only security in the collateral for Albert and Gusteva Widtfeldt Loans, so that no inheritance or gift or estate tax was due, and that paid should be refunded to James Widtfeldt, plus interest, penalties and damages for opportunities lost by James Widtfeldt through the wrongful assessments. The Internal Revenue Service is wrongly attempting to sabotage James Widtfeldt's business by claiming that loans from Albert and Gusteva Widtfeldt are actually ownership, contrary to the decision of Arthur Welp and the entire IRS in 2002, when great amounts of evidence was presented showing convincingly that the property was only owned by James Widtfeldt, at least since 1978. The 2002 settlement enabled James Widtfeldt to own the property, and undertake business opportunities, which would have been prevented by IRS claims of taxes in 2002, so that the IRS was deceiving James Widtfeldt as a means of trying to wrongfully profit from James Widtfeldt investment and management abilities by belatedly trying to claim inheritance after previously determining that no inheritance or gift existed.

8. DEFENDANT IRS AND UNITED STATES HAVE REPEATEDLY MOVED THE FREEDOM OF INFORMATION OFFICE OF THE IRS LOCATION, AND THE MOST RECENT ADDRESS IS IN FRESNO, CALIFORNIA, AS FOLLOWS: IRS Appeals M, Stop 55201; Attn: FOIA Appeals, 5045 E. Butler Avenue, Fresno, California 93727-5136.

9. THE CIR WRONGLY ATTEMPTED TO BYPASS THE ADMINISTRATIVE APPEALS SECTION OF THE IRS, AND BY SO DOING, THE US TAX COURT CASE 15907-10 WAS INVALIDATED, EXCEPTING ONLY MOTIONS NOT FILED BUT DENIED AND WHICH GIVE BENEFITS TO JAMES WIDTFELDT ON THEIR DENIAL. Because the Rules of the IRS require an Administrative Appeal prior to US Tax Court, the 15907-10 US Tax Court Case, as well as 5604-14L, are not able due to previous wrong procedural moves by the IRS, to order or collect any tax.

Wherefore, James Widtfeldt prays for an order requiring the Internal Revenue Service and its agents or former agents, particularly including Appeals Agent Welp (see attached letters generated by Arthur Welp during the time in question), and the United States and the Treasury Department, and any other agents who might have been made aware of Welp's conclusions from 2002, to produce all records of the 1998-2002 final settlement, and also ordering the IRS to appoint a successor to Appeals Agent Arthur Welp, since mail directed to Arthur Welp's address, and telephone calls to his old number, result in occasional messages that Appeals Agent Arthur Welp retired and no successor was ever appointed -- probably as a way to confine the old Arthur Welp records to the oblivion of a file cabinet in Welp's old office. Other messages indicate that Welp was succeeded by Franklin Peterson, or someone as yet unknown.

James Widtfeldt

_____ April 19, 2015

PO Box 877

Atkinson, Nebraska 68713

402-925-2535 or 402-336-2796 (call first to send a fax)

Email techtute@yahoo.com

James Widtfeldt
PO Box 877
Atkinson, NE 68713

40

7014 1820 0001 1267 5009

**FIRST CLASS MAIL**

RECEIVED
APR 27 2015
CLERK
U.S. DISTRICT COURT
OMAHA

U.S. POSTAGE PAID
ONEILL, NE
68763
APR 24, '15
AMOUNT
$7.19
00010123-04

U S District Court - NE
Roman L. Hruska US Courthouse
111 S. 18th Plaza #1152
Omaha, NE 68102

RETURN RECEIPT REQUESTED

FOIA