IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIDTFELDT,<br><br>           Plaintiff,<br><br>vs.<br><br>UNITED STATES; INTERNAL REVENUE SERVICE; ARTHUR WELP, IRS APPEALS AGENT; SUCCESSOR IRS AGENT TO ARTHUR WELP; AND UNITED STATES TREASURY;<br><br>           Defendants. | 8:15-CV-143<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the plaintiff's "Motion to Disqualify John Gerrard as Judge More Time to Finish Summonses" (filing 9), and on the Court's own motion. The Court will deny the plaintiff's motion, and will on its own motion dismiss this case without prejudice for failure to serve process and failure to prosecute.

    To begin with, the plaintiff moves the undersigned to recuse himself. Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). But when a party seeks to establish bias or prejudice from court conduct, the party must show that the judge had a disposition so extreme as to display clear inability to render fair judgment. *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013). And because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise. *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 503 (8th Cir. 2014).

    The plaintiff's basis for recusal is that "Lyme illness is an issue in this case" and the undersigned has purportedly "come out strongly opposed to necessary treatment of Lyme victims." Filing 9 at 1. The Court is not aware of any factual basis for this claim, nor, as a matter of fact, does this Court have any expertise or viewpoint with respect to the treatment of Lyme disease. For that matter, it is in no way clear how Lyme disease is "an issue" in this case: the only relief sought by the complaint is the release of Internal Revenue Service (IRS) records pursuant to the Freedom of Information Act, 5

U.S.C. § 552 (FOIA). The plaintiff has presented no basis to question the undersigned's impartiality in this case, *see Melton*, 738 F.3d at 905-06, and his motion for recusal will be denied.

Attached to the plaintiff's motion were several summons forms, which he asked the Clerk of the Court to execute for service. That begs an important question: why, several months after this case was filed, has process not been served? Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, under Rule 4(m), there is a two-part inquiry. First, if the Court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010). Second, even if the plaintiff fails to show good cause, the Court still *may* extend the time for service rather than dismiss the case, if the plaintiff establishes excusable neglect. *Id.*

First, the Court must determine whether good cause exists for the plaintiff's failure to serve the defendant within the 120-day deadline (not whether good cause exists for an extension). *Id.* at 958. In determining whether good cause exists, the Court must focus primarily on the plaintiff's reasons for not complying with the time limit in the first place. *Id.* Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase. *Kurka,* 628 F.3d at 957. It does require, at least, good faith and some reasonable basis for noncompliance with the rules. *Id.* Among other things, good cause is likely (but not always) to be found when the plaintiff is proceeding pro se or in forma pauperis. *Id.* At its core, however, the standard of good cause is necessarily amorphous: whether or not it has been satisfied is largely dependent upon the facts of each individual case. *Id.*

In this case, the Magistrate Judge already gave the plaintiff two extensions of time to serve his summons and complaint. Filings 6 and 8. Yet he failed to do so, and there is almost nothing in the record to show why. Nothing in the plaintiff's response (filing 7) to the Magistrate Judge's previous order, or his present motion, reasonably explain why he was unable serve the completed summons forms that were already provided to him. *See* filing 4.

U.S.C. § 552 (FOIA). The plaintiff has presented no basis to question the undersigned's impartiality in this case, *see Melton*, 738 F.3d at 905-06, and his motion for recusal will be denied.

Attached to the plaintiff's motion were several summons forms, which he asked the Clerk of the Court to execute for service. That begs an important question: why, several months after this case was filed, has process not been served? Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, under Rule 4(m), there is a two-part inquiry. First, if the Court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010). Second, even if the plaintiff fails to show good cause, the Court still *may* extend the time for service rather than dismiss the case, if the plaintiff establishes excusable neglect. *Id.*

First, the Court must determine whether good cause exists for the plaintiff's failure to serve the defendant within the 120-day deadline (not whether good cause exists for an extension). *Id.* at 958. In determining whether good cause exists, the Court must focus primarily on the plaintiff's reasons for not complying with the time limit in the first place. *Id.* Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase. *Kurka,* 628 F.3d at 957. It does require, at least, good faith and some reasonable basis for noncompliance with the rules. *Id.* Among other things, good cause is likely (but not always) to be found when the plaintiff is proceeding pro se or in forma pauperis. *Id.* At its core, however, the standard of good cause is necessarily amorphous: whether or not it has been satisfied is largely dependent upon the facts of each individual case. *Id.*

In this case, the Magistrate Judge already gave the plaintiff two extensions of time to serve his summons and complaint. Filings 6 and 8. Yet he failed to do so, and there is almost nothing in the record to show why. Nothing in the plaintiff's response (filing 7) to the Magistrate Judge's previous order, or his present motion, reasonably explain why he was unable serve the completed summons forms that were already provided to him. *See* filing 4.

The only explanation the plaintiff provides appears to be—as best the Court can understand it—that the IRS has actually provided the plaintiff with information in response to a FOIA request. The Court infers that the plaintiff needs more time to consider that information. But that does not explain, in any meaningful way, why process has not been served in this case. To the extent that it makes any sense, it appears to suggest that the plaintiff needs more time to determine whether he actually has a claim for relief—which obviously calls into question whether the plaintiff had a reasonable basis for filing his complaint in the first place. *See* Fed. R. Civ. P. 11(b). But regardless, the plaintiff's assertions fail to show good cause (or, indeed, any cause) for filing a complaint in federal court and then failing to serve it within the period specified by the Federal Rules of Civil Procedure.

Nor does excusable neglect warrant extending the service deadline. Such relief is warranted where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Kurka*, 628 F.3d at 959. In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *Id.* These factors do not bear equal weight, as the reason for delay is generally a key factor in the analysis, *see id.*, and as discussed above, the reason for delay in this case has not been explained. *See Peer v. Vilsack*, 563 F. App'x 504, 506 (8th Cir. 2014). Absent a reasonable explanation for the delay, the Court has no basis to find excusable neglect.

In sum, the plaintiff was given notice by the Magistrate Judge—twice—that he needed to serve process. *See* filings 6 and 8. The last time, he was told in no uncertain terms that he had until November 18, 2015 to serve his summons and complaint on the defendant and that "[n]o additional time will be granted." Filing 8. Dismissal under Rule 4(m) is appropriate.

Furthermore, dismissal is also appropriate pursuant to Fed. R. Civ. P. 41(b). *See, Boyle v. Am. Auto Serv.*, 571 F.3d 734, 742-43 (8th Cir. 2009); *Schooley v. Kennedy*, 712 F.2d 372, 373-74 (8th Cir. 1983). Even pro se litigants must comply with relevant rules of the substantive and procedural law. *Schooley*, 712 F.2d at 373. The plaintiff received meaningful notice of what was required of him, *see id.*, and has failed to comply with the Magistrate Judge's orders and prosecute this case.

IT IS ORDERED:

1. The plaintiff's complaint is dismissed, without prejudice, pursuant to Rule 4(m) and Rule 41(b).

2. A separate judgment will be entered.

Dated this 23rd day of November, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge